# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:17-00132

WILLIAM HENRY STEPHENS, JR.
      also known as "Cuz" and "B"

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Defendant's Letter Form Motion to Withdraw Guilty Plea (ECF No. 44). The Court held a hearing on the motion on February 20, 2018 at 3:30 p.m. in Huntington. At the hearing, the Court heard argument both from Defendant and from the Government relating to Defendant's motion. Upon close of argument, the Court ruled that Defendant's motion was **DENIED**. The Court's reasons for denial were set forth during the hearing and are more fully detailed herein.

**I.    Background**

Defendant was charged in a four-count indictment on August 1, 2017. ECF No. 18. After retaining the counsel of A. Courtenay Craig, Defendant signed a plea agreement with the Government on October 17, 2017 in which he pled guilty to Count One of the indictment and the United States agreed to dismiss the remaining counts. On October 24, 2017, the Court held a Rule 11 hearing in which it accepted Defendant's guilty plea but deferred accepting the plea agreement until after review of a presentence report.

On November 14, 2017, Defendant wrote a letter to the Court in which he moved to withdraw his guilty plea. ECF No. 44. In his letter form motion, Defendant noted that he had fired

Mr. Craig and filed a complaint against Mr. Craig with the West Virginia Bar Association. *Id*. In the complaint, included as an exhibit to Defendant's letter form motion, Defendant accused Mr. Craig of misleading him and "forcing [Defendant] to enter into a non-favorable plea agreement that [he] [had] no wish to enter into." ECF No. 44-1. Defendant also accused Mr. Craig of failing to provide Defendant with requested discovery materials, failing to file appropriate pretrial motions, and misleading Defendant as to his constitutional rights. *Id*. Defendant further asserted that Mr. Craig interfered with Defendant's right to obtain new counsel. *Id*. Defendant finally claimed that Mr. Craig misled Defendant in advising him that the Government would prove its case against him using racial stereotyping and falsified evidence. *Id*.

On November 14, 2017, Mr. Craig was removed from the case pursuant to a sealed Court order. ECF No. 43. Richard Weston was appointed to represent Defendant on January 9, 2018. ECF No. 59. On February 5, 2018, Mr. Weston filed a Memorandum in Support of Defendant's letter form motion. ECF No. 61-1.

In the Memorandum, Defendant reasserted that Mr. Craig "pressured him into pleading guilty by refusing to participate in a jury trial, failing to provide him discovery he requested to review before pleading guilty and failing to file proper pretrial motions." ECF No. 61-1. In support of these assertions, Defendant filed recordings of two phone calls Defendant made to an unidentified female during the pre-plea period. ECF No. 64. In the first call, Defendant told the female that he had no choice but to go to trial, that he hadn't done anything, and that the plea offers he was hearing were inconsistent and unpalatable. *Id*. In the second call, Defendant told the woman that Mr. Craig had advised him against going to trial because he was a black man from out of town and in a relationship with a white woman, and that a jury would convict him on the basis of racism. *Id*. Defendant noted during the call that he was contemplating firing Mr. Craig because Mr. Craig

was not working with Defendant, but against him. *Id*. Defendant further told the female that Mr. Craig advised Defendant that if he did not take the plea deal he was going to be sentenced to life in prison. *Id*. Pursuant to the offered phone call evidence, his letter form motion, and his new attorney's memorandum in support, Defendant asked the Court to allow him to withdraw his guilty plea.

The Government responded to Defendant's Memorandum in Support on February 15, 2018. ECF No. 67. The Government noted that Defendant signed a guilty plea, initialing each page, in which he acknowledged that he understood and agreed to the terms contained in the agreement and was satisfied with the representation of his attorney. *Id*. The agreement that Defendant signed also included a stipulation of facts referencing Defendant's constructive possession of, among other items, 140 grams of heroin, 44 grams of cocaine, and a rifle with ammunition. *Id*. As such, the Government opposed Defendant's motion and asked the Court to deny Defendant's request to withdraw the guilty plea.

The Court held a Motions Hearing on February 20, 2018 at which it heard argument from both parties as to Defendant's Motion to Withdraw. After consideration of the oral argument and written submissions, the Court **DENIED** Defendant's motion. The Court's reasons for doing so were explained during the hearing and are provided in greater detail below.

**II.     Legal Standard**

"A defendant does not have an absolute right to withdraw a guilty plea, even before sentencing." *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). When seeking to withdraw a guilty plea, the defendant bears the burden of showing

sufficient "fair and just reason" to withdraw. *Moore*, 931 F.2d at 248.

"[A] fair and just reason for withdrawing a plea is one that essentially challenges . . . the fairness of [a] Rule 11 proceeding." *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992). If a Rule 11 proceeding is conducted properly, a defendant is left with a "very limited basis" upon which to withdraw his plea. *United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003). Rule 11 hearings raise a "strong presumption" that a plea is final and binding. *Lambey*, 974 F.2d at 1394.

Under the gloss of this strong presumption of finality, courts within the Fourth Circuit are directed to look to the following factors in determining whether a defendant has sufficiently shown fair and just reason to withdraw:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*Moore*, 931 F.2d at 248. The first, second, and fourth factors "speak most straightforwardly to the question whether the movant has a fair and just reason" while the third, fifth, and sixth factors "establish how heavily the presumption should weigh in any given case." *United States v. Sparks*, 67 F.3d 1145, 1154 (1995). Whether a defendant has shown fair and just reason for withdrawal is a determination ultimately left to the discretion of the district court. *Moore*, 931 F.2d at 248.

### III. Discussion

#### a. Rule 11 Hearing

In this case, the Court conducted a Rule 11 hearing on October 24, 2017. ECF No. 36. At the Motion Hearing held on February 20, 2018, Defendant conceded that he did not challenge the adequacy or propriety of the earlier Rule 11 hearing. He argued, however, that the Court should nevertheless grant his motion and allow him to withdraw his guilty plea because, at the time of the

hearing, Defendant did not think he had any other option but to plead guilty. Accordingly, Defendant asserted that his testimony at the Rule 11 hearing was offered only to complete the plea process and was not offered in the spirit of full disclosure to the Court.

This argument did not persuade the Court to give any less weight to Defendant's Rule 11 testimony. "Statements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated . . ." *Lambey*, 974 F.2d at 1395. For example, in one instance the Fourth Circuit declined to allow a defendant to withdraw his guilty plea even when that defendant argued that he perjured himself and blatantly lied to the court during his Rule 11 hearing. *Bowman*, 348 F.2d at 415. The Fourth Circuit has explained the rule in saying that "the criminal justice system must be able to rely on the . . . dialogue between the court and defendant [at a Rule 11 hearing]." *Lambey*, 974 F.2d at 1395. Accordingly, this Court found that it had conducted a thorough Rule 11 hearing at which Defendant offered sworn testimony, and that the sworn testimony offered during the hearing defeated the assertions that Defendant later made in his motion to withdraw.

    **b.** *Moore* **Factors**

In light of this "formidable barrier" of Defendant's valid Rule 11 testimony, *Lambey*, 974 F.2d at 1395, the Court considered the *Moore* factors in its decision of Defendant's motion to withdraw.

        **i. Knowing and Voluntary**

Defendant argued that his plea was not knowing and voluntary because his attorney at the time of his plea, Mr. Craig, counseled him that he had no choice but to plead because "he would be convicted in a jury trial because of racial stereotyping." ECF No. 61-1. This argument, however, is without legal merit.

To attack the voluntariness or intelligence of a guilty plea on the basis of the advice of counsel, a defendant must show that "the advice he received was not within the range of competence demanded of attorneys in criminal cases." *Via v. Superintendent, Powhatan Correctional Center*, 643 F.2d 167, 173 (4th Cir. 1981). Additionally, "if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice," the defendant's assertion of understanding at his Rule 11 hearing must be given greater weight than later, unsworn assertions of ignorance. *Lambey*, 974 F.2d at 1395.

At the Rule 11 hearing in this case, the Court questioned Defendant as to his knowledge of his right to a jury trial and as to his knowledge of the rights he would have if he decided to take his case to trial. Even with ample opportunity to bring his apparent dissatisfaction with his counsel to the Court's attention, Defendant assured the Court that he was aware of his rights and that he wanted to voluntarily waive them. Defendant stated the following at the Rule 11 hearing:

> THE COURT: Do you understand you have the right to plead not guilty to this charge?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand that by pleading guilty, you're giving up your right to a speedy and public jury trial?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand that by pleading guilty, you're giving up your right to force the government to produce witnesses and evidence against you?
>
> THE DEFENDANT: Yes.

> THE COURT: Do you understand that you would be presumed innocent until the government presented enough evidence to convince the judge and the jury that you were guilty beyond a reasonable doubt?
>
> THE DEFENDANT: Yes.

ECF No. 50, 28–29. The Court's questions continued along this line for some time, the Court ensuring that the Defendant was aware of all relevant rights and his waiver thereof. *See id*. Accordingly, the Court found that Defendant understood the rights he was giving up by pleading guilty. *Id*.

During the Rule 11 hearing, the Court also inquired at length as to the voluntariness of Defendant's decision to plea, and again at each turn Defendant assured the Court that pleading guilty was his idea and that he was entering into the plea agreement of his own free will.

> THE COURT: Has anyone forced you or threatened you or talked you into pleading guilty against your will?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you acting voluntarily and of your own free will in entering this guilty plea?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Is pleading guilty your own idea?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Has anyone promised you something or told you anything different from what we have discussed here in court today to get you to plead guilty?

>    THE DEFENDANT: No.

ECF No. 50, at 30. As a result of this testimony, the Court found that Defendant's guilty plea was voluntary. After Defendant assured the Court that he had no questions or second thoughts about pleading guilty, the Court instructed Defendant to sign the guilty plea. *Id*.

Defendant acknowledged to the Court both that he knew what he was doing in agreeing to the plea and that he was entering into the agreement of his own free will during the Rule 11 hearing. Defendant's sworn assertions resulted in the Court's official findings that the plea was knowing and voluntary. Defendant's later assertions that the plea was neither knowing nor voluntary were therefore without merit.

### ii. Legal Innocence

Defendant also claimed that he is innocent of the crime to which he pled guilty. ECF No. 51-1. Defendant based his claim on unsworn statements that he made to an unidentified female while he was on the phone with her during the time before his plea. *Id*. As the Court noted during the motion hearing, however, the evidence of Defendant's legal guilt is overwhelming.

At the Rule 11 hearing, Defendant testified that he had the keys to a residence, that he knew the residence contained heroin and cocaine, and that he intended to distribute the drugs in the residence. ECF No. 50, at 15. He testified that the stipulation of facts in the plea agreement was true and accurate. *Id*., at 16. He told the Court that the heroin, cocaine, scales, and firearm recovered in this case belonged to him and that he had intended to distribute the drugs. *Id*. The Court reviewed the list of drugs recovered several times and, each time, asked Defendant to admit that the drugs were his. *Id*., at 15 –18. Defendant admitted the drugs were his repeatedly. *Id*. Finally, the Government produced Detective Greg Moore who testified, among other things, as to the drugs that police recovered that were attributed to Defendant. *Id*., at 19. After the detective

stepped down, the Court asked Defendant whether the officer's testimony was "substantially correct." *Id*. at 22. Defendant told the Court that yes, the testimony offered was correct. *Id*.

Given the stipulation of facts in the plea agreement, the personal statements of Defendant during the Rule 11 hearing, and Defendant's affirmation that the agent's testimony offered at the Rule 11 hearing was true and accurate, the Court found that Defendant had no basis for a credible claim of legal innocence.

### iii. Delay in Motion

The Court notes that Defendant did not delay in bringing his motion to withdraw. While this factor, then, weighed in Defendant's favor, it did not do so heavily enough to counterbalance the factors that weighed against him.

### iv. Assistance of Counsel

Defendant argued that he did not have the assistance of competent counsel at the time he signed his guilty plea or at his Rule 11 hearing, despite the fact that he was represented throughout the relevant period by Mr. Craig, a lawyer Defendant had retained himself. ECF No. 61-1. Defendant argued that Mr. Craig was impatient with Defendant's questions and unresponsive to Defendant's requests to review discovery. *Id*. Defendant further argued that Mr. Craig misled Defendant regarding his right and opportunity to take his case to trial. *Id*.

For a defendant to withdraw his guilty plea based on alleged defects in his legal representation, he must show both that his counsel's representation fell below a standard of reasonableness and that, but for his counsel's failure of reasonableness, the defendant "would not have pleaded guilty and would have insisted on going to trial." *United States v. DeFreitas*, 865, F.2d 80, 82 (4th Cir. 1989). The burden for showing that an attorney's representation fell below a standard of reasonableness is a heavy one. *See Bowman*, 348 F.3d at 412 (finding no

unreasonableness where the defendant's attorney failed to properly review key evidence with the defendant before the plea and advised the defendant to plead guilty); *Lambey*, 974 F.2d at 1396 (finding no unreasonableness where the defendant's attorney miscalculated his estimates of relevant sentencing guidelines but the court later corrected the miscalculation during the Rule 11 hearing); *DeFreitas*, 865 F.2d at 82 (finding no unreasonableness where the defendant's attorney neglected to inform the defendant that pleading guilty could subject the defendant to deportation).

At the outset of the Rule 11 hearing in this case, the Court asked Defendant several questions regarding his relationship with Mr. Craig and inquired as to Defendant's satisfaction with the quality and quantity of Mr. Craig's work on his case.

> THE COURT: Now, Mr. Stephens, have you had enough time to discuss your case with your attorney?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Has he been able to answer your questions about what you should do?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you completely satisfied with the legal advice [Mr. Craig] has given you?
>
> THE DEFENDANT: Yes.

ECF No. 50, at 5. Defendant later claimed that he was not satisfied with the representation Mr. Craig provided him and that, as a result, he should have been permitted to withdraw his guilty plea.

Defendant's primary claim that Mr. Craig acted unreasonably was based on Mr. Craig's alleged assessment of the role that racial profiling might play against Defendant in the event that Defendant decided to take his case to a jury. Where courts have found that an attorney's failure to

inform his client that pleading guilty may result in deportation did not constitute a breach of reasonableness, *DeFreitas*, 865 F.2d at 82, an attorney's honest assessment of his client's case and associated risks of taking the case to a jury cannot support a defendant's request to withdraw his guilty plea. A defendant's attorney may recommend that he plead guilty, but the actual decision to plead guilty is a "judgment call" for the defendant to make. *See Bowman*, 348 F.3d at 416. Defendant reviewed the relevant information, took into account the advantages and disadvantages of pleading guilty, and decided of his own free will to plead guilty. "To change one's mind about the relative benefits as between going to trial and accepting a plea agreement, in the circumstances of the instant case, by no means constitutes a fair and just reason [to withdraw the plea]." *DeFreitas*, 865 F.2d at 83.

### v. Prejudice to Government and Judicial Resources

Though the fifth and sixth *Moore* factors were minor considerations, *Sparks*, 67 F.3d at 1154, the Court notes that both weighed against Defendant. Defendant pled guilty in October 2017, four months ago. At that time, the Government suspended its preparation of Defendant's case. To allow Defendant to have withdrawn his guilty plea would have forced the Government to bring its case from a dormant state. Additionally, allowing Defendant to withdraw his plea would have been a waste of judicial resources. The Court held multiple hearings regarding Defendant's plea and motion then to withdraw it, and to have allowed him to withdraw would have constituted a waste of the judicial resources that had already been devoted to the plea. While neither of these factors was dispositive to the Court's decision and neither weighed heavily against Defendant in the Court's consideration of his motion, the Court notes that neither worked to Defendant's benefit in the Court's decision.

## IV. Conclusion

Accordingly, Defendant's Letter Form Motion to Withdraw Guilty Plea, ECF No. 44, is **DENIED**. The Court **ORDERS**: 1) the Probation Office to prepare and forward a draft presentence report to the Government and counsel for the defendant no later than April 9, 2018, 2) the United States Attorney and counsel for the defendant to file objections to the draft presentence report no later than April 23, 2018, and 3) the Probation Office to submit a final presentence report to the Court no later than May 7, 2018. The Court further **ORDERS**: if either the United States or counsel for the defendant decides to file a sentencing memorandum, such memorandum must be filed no later than May 14, 2018; and if either party requests a sentence outside the Guideline range, such memorandum must include evidence or argument to that effect. The Court **SCHEDULES** final disposition of this matter for May 21, 2018, at 2:00 p.m. in Huntington.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: February 22, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE